UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AUTO CLUB GROUP INSURANCE COMPANY
Subrogee of Richard Gerard,

       Plaintiff,

v.

OMEGA FLEX, INC.,

       Defendant.
_____/

Case No. 16-cv-12227

Honorable Thomas L. Ludington

**ORDER GRANTING MOTION TO STRIKE**

On May 19, 2016, Plaintiff Auto Club Group Insurance Company filed a complaint against Defendant Omega Flex, Inc., in Bay County Circuit Court. The complaint frames a subrogation claim against Omega Flex. The claim arose after a lightning strike hit a residence, causing a fire. Auto Club alleges that corrugated stainless steel tubing (CSST) manufactured and distributed by Omega Flex caused the fire because it was defectively designed and manufactured. Auto Club also argues that Omega Flex breached its implied warranty for the CSST. On June 16, 2016, the case was removed to this Court. ECF No. 1. Pursuant to the amended scheduling order, Plaintiff's expert disclosures were due on February 20, 2017, Defendant's expert disclosures were due on March 20, 2107, and discovery closed on April 20, 2017. ECF No. 12. Currently, dispositive motions are due on August 11, 2017, and the bench trial is set for November 14, 2017. ECF No. 22.

On June 23, 2017, Omega Flex filed a motion to strike Auto Club's supplementary expert reports. ECF No. 23. For the reasons stated below, that motion will granted.

**I.**

In the current motion, Omega Flex requests that the supplementary opinion of Michael T. Williams, one of Auto Club's experts, be stricken as untimely. Mr. Williams' original expert report was disclosed at the expert disclosure deadline: February 20, 2017. Excluding the cover page and Mr. Williams' curriculum vitae, Mr. Williams' written opinion was three pages long. *See* Williams Discl., ECF No. 23, Ex. A.

On March 22, 2017, Omega Flex deposed Mr. Williams. *See* Williams Dep., ECF No. 23, Ex. C. At the deposition, Mr. Williams confirmed the accuracy of the opinions he gave in the original report, but suggested that he might have to amend the report after he reviewed additional information. *Id.* at 35–37. Mr. Williams also indicated that he was conducting ongoing research and testing. *Id.* at 7–8.

Omega Flex disclosed their expert reports on March 20, 2017. On June 13, 2017, Auto Club disclosed two supplemental reports from Mr. Williams (dated June 1, 2017). New Williams Rep., ECF No. 23, Ex. D. The supplemental investigation report is twenty pages and provides a detailed summary of Mr. Williams' investigation as well as pictures of the residence. Importantly, the report appears to summarize investigations and research that occurred in 2013. Auto Club ALSO disclosed Mr. Williams' "Responses to Exhibits and Discovery Files Submitted by Omega Flex." Supp. Op. Rep., ECF No. 23, Ex. E. In that report, Mr. Williams discussing the results of his testing, disputes technical claims made by Omega Flex's experts, and attempts to rebut defenses raised by Omega Flex in documents provided to him on March 21, 2017. The report lists Mr. Williams' conclusions regarding CSST and the cause of the fire. Including exhibits, it is sixty-five pages.

**II.**

Under Federal Rule of Civil Procedure 26(a)(2), the parties must disclose any witnesses retained to provide expert testimony. Fed. R. Civ. P. 26(a)(2)(A). These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," such a disclosure "must be accompanied by a written report – prepared and signed by the witness" containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). In interpreting Federal Rule of Civil Procedure 26(a), the Sixth Circuit has explained that "a report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *R. C. Olmstead, Inc. v. C.U. Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (internal quotation and citation omitted).

Expert reports must be supplemented when required under Rule 26(e). Fed. R. Civ. P. 26(a)(2)(E). Under that rule, a report must be timely supplemented "if the party learns that in

some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). For expert witnesses in particular, "the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." *Id*. Any supplementation must be effected "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id*.

If a party fails to comply with the requirements of Rule 26(a) or (e), then it is subject to the automatic and mandatory sanction of Rule 37(c)(1). *See Dickenson v. Cardiax and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004). Rule 37(c)(1) provides, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id*. A harmless violation is one that involves an honest mistake, combined with sufficient advance knowledge by the adversary. *Roberts ex rel. Johnson v. Galen of Va., Inc*., 325 F.3d 776, 783 (6th Cir. 2003). "District courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Pride v. Bic Corp*., 218 F.3d 566, 578 (6th Cir.2000).

**III.**

In its four page response brief, Auto Club attempts to argue that the June 2017 report is a supplement to the original report and thus not untimely. Auto Club indicates that the documents provided in June 2017 "were prepared as . . . further explanation of the steps taken in the fire investigation into the origin and cause of the fire . . . and to further explain the basis for the author's opinions as to the cause and origin of the fire." Pl. Resp. Br. at 2, ECF No. 25. Auto Club characterizes the disclosures as a response to Defendant's expert disclosures, "which had

not been reviewed by Michael Williams at the time of his deposition." *Id.* Additionally, Auto Club asserts that Mr. Williams advised at his deposition "that he was reserving the right to expand on or change his opinions during his review of further information . . . . Both Mr. Williams and Plaintiff's counsel understood and agreed that Defendant's counsel would retain the right to further depose Mr. Williams after the reports and other discovery had been submitted and reviewed." Auto Club does not cite a single legal opinion or otherwise contend that there is authority which supports their attempt to disclose more than eighty pages of expert opinion one month before dispositive motions are due.

Omega Flex strenuously disputes the assertion that it agreed to allow untimely future disclosures. Instead, Omega Flex contends that its "counsel reserved the right to continue William's deposition because on the day of his deposition, Williams appeared with thousands of pages of reliance materials, which in derivation of the Federal Rules and Omega Flex's deposition notice, had never been produced by Plaintiff and had not been, and could not have been, reviewed by Omega Flex's attorneys." Def. Reply Br. at 3–4, ECF No. 26 (emphasis omitted).

**A.**

To begin with, it is undisputed that Omega Flex's expert disclosures were served on Auto Club *and received by Mr. Williams* prior to Mr. Williams' deposition. *See* Pl. Resp. Br. at 2–3. Auto Club does not dispute that Mr. Williams arrived at the deposition with thousands of pages of previously undisclosed materials. And Auto Club provides no explanation for why the June 2017 reports were not disclosed earlier, especially because there does not appear to be any information contained within them that was not available to Auto Club at the expert disclosure deadline. Auto Club appears to rely solely on the informal understanding it alleges was reached

between Plaintiff's and Defendant's counsel. But Defendant's dispute that they agreed to let Mr. Williams file his full report after the deadline and no agreement was ever formalized on the record. The Federal Rules of Civil Procedure clearly designate the deadlines and obligations regarding expert witness disclosures, and in the absence of a Court order amending those deadlines or obligations, private agreements are not enforceable.

In this case, the June 2017 reports from Mr. Williams are new reports, not supplementations. "It is not mere 'supplementation' when a party submits a manifestly incomplete report lacking analysis or a supporting rationale, waits for the summary judgment deadline to pass, and then submits a fuller report that contains actual reasoning." *Eiben v. Gorilla Ladder Co.,* 2013 WL 1721677 (S.D. Mich. 2013) (quoting *Ullman v. Auto–Owners Mut. Ins. Co.,* 2007 WL 1057397 at *3 (S.D.Ohio 2007)). Likewise, it is not mere supplementation when a party submits an incomplete report lacking full analysis or a supporting rationale, waits for the discovery deadline to pass and then submits a fuller report with complete reasoning a month before the dispositive motion deadline. Upon review, the June 2017 reports appear to contain no information which would not have been available to Auto Club and its experts, given due diligence, at the deadline for expert disclosures.[1]

The Sixth Circuit has provided a five factor test to determine whether a late disclosure was substantially justified or harmless:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

---

[1] Auto Club also appears to argue that the June 2017 reports were meant to rebut Omega Flex's expert reports, which were produced on March 20, 2017. Even if true, Federal Rule of Civil Procedure 26(a)(2)(D)(ii) requires rebuttal reports to be disclosed within thirty days after the other party's expert disclosures.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014))

Here, there is no reason to believe that Omega Flex should have expected Auto Club to disclose approximately eighty-five pages of new expert reports and opinions a month before the dispositive motion deadline. Although there was discussion at Mr. Williams' deposition about rebuttal opinions or a follow-up deposition, the deadline for both passed without indication that new reports would be forthcoming. Given the late stage of the disclosures, Omega Flex has a limited ability to cure the surprise, absent a significant adjournment of trial and a reopening of discovery. But such an adjournment would significantly disrupt the trial. The June 2017 reports are undoubtedly crucial to Auto Club's allegations of liability, but that fact alone is insufficient to justify the late disclosure. Auto Club has provided no rationale for why the reports were created and disclosed months after the deadline. As Omega Flex emphasizes, Auto Club has had years to investigate the fire and prepare expert opinions. Its unexplained noncompliance with the Rule 26(a) deadlines cannot be excused.

Because the untimely disclosure of the June 2017 reports and opinions was not substantially justified or harmless, Auto Club will be precluded from introducing or relying upon any of the information contained in the reports provided in June 2017. *See* Federal Rule of Civil Procedure 37(C)(1) (providing the automatic sanction for failure to timely provide information as required by Rule 26(a)).

**B.**

Omega Flex has not directly challenged the sufficiency of Mr. Williams' original, three page expert report. The Court's review of that report reveals that Mr. Williams provides only conclusory postulations. He mentions an "investigation" which revealed that "the piping is

unsafe because it is highly susceptible to damage from electrical arcing," but does not summarize the investigation. Williams Discl. at 2. He asserts that "this product exhibits characteristics that make it . . . not reasonably safe as manufactured," but does not explain how he reached that conclusion. *Id.* at 3. He suggests that "schedule 40 steel pipe" is a "technically feasible and practical alternative," but does not explain what differentiating characteristics that kind of piping possesses. *Id.* He suggests that "[i]mprovements could be made to the stainless steel itself and the sheathing, and there are additional protections that could be added to the exterior of the sheathing," but does not indicate what those improvements are (with the exception of visible warnings on the sheathing). *Id.* "'[A]n expert opinion must 'set forth facts' and, in doing so, outline a line of reasoning arising from a logical foundation.'" *R.C. Olmstead, Inc.*, 606 F.3d at 271 (quoting *Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 657 (6th Cir.2005)). Specifically, "'[e]xpert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions.'" *Id.* (quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 n. 6 (7th Cir. 1998)). Mr. Williams' initial report does not appear to meet that standard.[2] Omega Flex has not requested that the initial report be struck and so Auto Club has not been afforded an opportunity to defend the initial report. For that reason, it will not be stricken *sua sponte*.

## IV.

Accordingly, it is **ORDERED** that Defendant Omega Flex's motion to strike, ECF No. 23, is **GRANTED.**

---

[2] Likewise, the initial report does not include "the facts or data considered by the witness in forming" the conclusions or "any exhibits that will be used to summarize or support" Mr. Williams' testimony, in violation of Rule 26(a)(2)(B)(iii). Rather, Mr. Williams simply indicates that the facts, data, and exhibits were previously provided to defense counsel "except for ongoing research and/or testing which has not yet been completed." Williams Discl. at 3.

It is further **ORDERED** that the Mr. Williams' June 2017 reports are **EXCLUDED** pursuant to Federal Rule of Civil Procedure 37(c). Neither those reports, nor documents and data referenced only in those reports, nor corresponding testimony will be admissible at trial.

Dated: August 1, 2017                             s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 1, 2017.

                    s/Kelly Winslow
                    KELLY WINSLOW, Case Manager